**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL W. JONES and ANALISA A. JONES,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HOME MORTGAGE DIRECT LENDERS, SUNTRUST MORTGAGE, INC., a Virginia corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, THE COOPER-CASTLE LAW FIRM OF LAS VEGAS, NEVADA, and DOES 1-10 inclusive, and all other persons unknown claiming any right, title, estate, lien or interest in the real property described herein,<br><br>　　　　　Defendants.<br>_____ | 3:12-cv-00289-RCJ-WGC<br><br>**ORDER** |

Currently before the Court are Plaintiffs' Motion to Remand (#5), SunTrust Mortgage, Inc.'s Motion to Dismiss (#6), and The Cooper Castle Law Firm's Motion to Dismiss (#12).

**BACKGROUND**

Plaintiffs Michael and Analisa Jones, husband and wife, purchased real property located at 255 De Wick Court, Sparks, Nevada 89436 in March 2006. (Deed of Trust[1] (#6-1) at 2, 4; Compl. (#1-2) at 2, 4). To finance the purchase of the property, Plaintiffs obtained a $527,500 loan from Home Mortgage Direct Lenders, which was secured by a deed of trust

---

[1] SunTrust has requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Mot. to Dismiss (#6) at 2 n.1). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

executed on March 10, 2006. (Deed of Trust (#6-1) at 2-3). The deed of trust named Home Mortgage Direct Lenders as the lender, Founders Title Company of Nevada as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for lender and lender's successor and the beneficiary. (*Id.* at 2). MERS later assigned all beneficial interest in the deed of trust to U.S. Bank, N.A. on July 6, 2010 and this assignment was recorded in Washoe County on July 27, 2010. (Assignment of Deed of Trust (#6-2) at 2).

Plaintiffs defaulted on the loan secured by the deed of trust by failing to make the payment due on April 1, 2010. (Notice of Default (#6-4) at 2). The Cooper Castle Law Firm, LLP then executed a notice of default on July 7, 2010, which was recorded on July 27, 2010. (Notice of Default (#6-4) at 2-3). U.S. Bank then substituted The Cooper Castle Law Firm as trustee of the deed of trust on July 12, 2010. (Substitution of Trustee (#6-3) at 2).

Plaintiffs filed a complaint in Nevada state court on February 16, 2012 against Home Mortgage Direct Lenders, SunTrust Mortgage, Inc. ("SunTrust"), MERS, and The Cooper Castle Law Firm ("Cooper Castle"). (Compl. (#1-2) at 2). The complaint alleges six causes of action, including: (1) Truth in Lending Act violations; (2) declaratory relief for failure to comply with NRS § 107.080; (3) debt collection violations under NRS § 649.370; (4) unfair and deceptive trade practices in violation of NRS § 598.0923; (5) quiet title; and (6) rescission-mistake-void agreement. (Compl. (#1-2) at 5-15). Plaintiffs also recorded a notice of lis pendens on May 4, 2012. (Notice of Lis Pendens (#6-5) at 2).

**I.     Motion to Remand (#5)**

Plaintiffs filed a motion to remand this action to state court on June 19, 2012. (Mot. to Remand (#5)). Plaintiffs claim that the case should be remanded because the Court lacks subject matter jurisdiction over this action. (*Id.* at 3-4, 6-8). Plaintiffs also argue in the alternative that the Court should stay this proceeding pending the outcome of *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039 (9th Cir. 2011). (*Id.* at 4-6).

**A.     Legal Standard**

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, 28 U.S.C. § 1441(a), *i.e.*, if the federal court has original

jurisdiction. The party seeking removal bears the burden of establishing jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). If a case is removed and the federal court lacks jurisdiction over the matter, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). The removal statutes are to be construed restrictively and any doubts about the right of removal are resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" (known as federal question jurisdiction). 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**B.    Discussion**

Plaintiffs' first cause of action alleges violations of the Truth in Lending Act, 15 U.S.C. § 1641(f)(2), which is a federal statute. (Compl. (#1-2) at 5-6). Because Plaintiffs have alleged violations of a federal statute, this Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331 (stating that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiffs argue that even if this Court has subject matter jurisdiction over the action, it should stay the case pending the outcome of *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039 (9th Cir. 2011). (Mot. to Remand (#5) at 2). In *Chapman*, the Ninth Circuit held that the doctrine of prior exclusive jurisdiction applies when there are parallel state and federal proceedings that seek to determine interests in a specific property as against the whole world (*in rem*) or where the parties' interests in the property serve as the basis of the jurisdiction for

3

1  the parallel proceedings (*quasi in rem*). *Chapman*, 651 F.3d at 1044. The Ninth Circuit held
2  that, in those cases, if the state court exercised jurisdiction before the federal court did, the
3  state court's exercise of jurisdiction would take priority. *Id.* at 1045. However, the Ninth Circuit
4  noted that the prior exclusive jurisdiction doctrine differed from removal because, in removal,
5  a state court loses jurisdiction upon the filing of a petition for removal. *See id.* at 1044-45.
6  Here, there is only one proceeding and SunTrust has removed that proceeding to this Court.
7  As such, the prior exclusive jurisdiction doctrine does not apply.  Thus, the Court denies
8  Plaintiffs' motion to remand (#5).

**I.   SunTrust's Motion to Dismiss (#6)**

Defendant SunTrust filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on June 25, 2012. (Mot. to Dismiss (#6)). SunTrust also seeks to have the lis pendens on the property expunged. (*Id.* at 14).

**A.   Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing

party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.    Discussion**

In the first cause of action, Plaintiffs allege violations of the Truth in Lending Act, 15 U.S.C. § 1641(f)(2). (Compl. (#1-2) at 5-6). Plaintiffs allege in the complaint that their "mortgage was almost immediately transferred" without their knowledge and that they were not provided notice of the alleged transfer. (*Id.*). The Truth in Lending Act however has a one-year statute-of-limitations from the date of the occurrence of the violation. *See* 15 U.S.C. § 1640(e). Here, there was apparently only one assignment of the deed of trust, which occurred on July 6, 2010 when MERS assigned all beneficial interest in the deed of trust to U.S. Bank. (Assignment of Deed of Trust (#6-2) at 2). Plaintiffs however did not file their complaint until February 16, 2012, which was after the one-year statute-of-limitations. As such, the Court dismisses this cause of action.

In the second cause of action, Plaintiffs seek declaratory relief on grounds that the notice of default failed to comply with the requirements set forth in NRS § 107.080. (Compl. (#1-2) at 7-9). Plaintiffs allege that the notice of default failed to specify the amount of the default, specify the action required to cure the default, specify the date by which the default may be cured, and failed to advise Plaintiffs of their right to have enforcement of the security interest discontinued if they meet certain conditions. (*Id.* at 7-8). Plaintiffs allege that the notice of default also stated that the beneficiary under the deed of trust had already declared all sums secured immediately due; failed to unequivocally state that if the defaults were not cured, the amount due under the note would be accelerated and that the beneficiary would conduct a foreclosure sale; and that the notice of default was an attempt to collect a debt. (*Id.*).

Nevada Revised Statute § 107.080(3) provides that a notice of default and election to sell must:

    (a)    Describe the deficiency in performance *or* payment and *may* contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust, but acceleration must not occur if the deficiency in performance or payment is made good and any costs, fees and expenses incident to the preparation or recordation of the notice and incident to the making good of the deficiency in performance or payment are paid within the time specified in subsection 2; and

    (b)    If the property is a residential foreclosure, comply with the provisions of NRS 107.087.

Nev. Rev. Stat. § 107.080(3)(a)-(b) (emphasis added). Pursuant to NRS § 107.087(b), the notice of default must also contain the physical address of the property and the trustee's contact information. Nev. Rev. Stat. § 107.087(1)(b)(1)-(2).

    In this case, the Court dismisses the second cause of action without leave to amend. The notice of default contained the deficiency in performance, i.e. the failure to pay the installment of principal and interest which became due on April 1, 2010. (Notice of Default (#6-4) at 2). The notice of default also contained a notice of intent to invoke an acceleration clause, i.e. the trustee "does hereby declare all sums secured thereby immediately due." (*Id.*). The notice of default also contained the trustee's contact information including address and telephone number. (*Id.* at 3). Finally, the notice of default also provided the physical address of the property. (*Id.* at 2). Because the notice of default complied with NRS §§ 107.080(3) and 107.087 and contains the elements Plaintiffs allege were absent, Plaintiffs have failed to state a claim on their second cause of action for declaratory relief.[2]

    In the third cause of action, Plaintiffs allege debt collection violations under NRS § 649.370. (Compl. (#1-2) at 9-10). Pursuant to NRS § 649.370 a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, or any regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Rev. Stat. § 649.370.

---

[2] Although Cooper Castle recorded the notice of default before it was properly substituted as trustee, Plaintiffs do not allege statutorily defective foreclosure under NRS § 107.080 on this basis, but rather solely rely on the failure to state the requirements listed above in the notice of default. (Compl. (#1-2) at 7-8). Yet even if Plaintiffs had alleged statutorily defective foreclosure based on the filing of the notice of default before the substitution of trustee was executed, Plaintiffs would still fail to state a claim against SunTrust because it was not the beneficiary or trustee of the deed of trust and played absolutely no role in the foreclosure process. (*See id.* at 3, 5).

Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As such, the Court dismisses the third cause of action without leave to amend.

In the fourth cause of action, Plaintiffs allege violations of Nevada's Unfair and Deceptive Trade Practice Act, NRS § 598.0923 because Cooper Castle did not have a foreign collector's license. (Compl. (#1-2) at 10). This cause of action appears to be solely directed at Cooper Castle. (*Id.*). Yet even if Plaintiffs intended to implicate SunTrust in this cause of action, Plaintiffs have failed to state a claim for relief. Under the statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. *Id.* § 80.015(1)(a), (g)-(h). Because SunTrust is explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses this cause of action without leave to amend.

The fifth cause of action for quiet title also fails because Plaintiffs are in default and have not alleged that they have paid the debt owed. A quiet title action may be brought by a party who claims an adverse interest in the subject property. Nev. Rev. Stat. § 40.010. Quiet title actions are equitable in nature and it is generally required that a party that seeks equity must do equity. *Transaero Land & Dev. Co. v. Land Title of Nevada, Inc.*, 842 P.2d 716, 718 (Nev. 1992). For the plaintiff to do equity, it is generally required that the plaintiff tender the undisputed amount due on the note in order to challenge the validity of the foreclosure sale.

7

*Davila v. BAC Home Loans Servicing, LP*, 2011 WL 3159146, at *2 (D. Nev. 2011). Quieting title to the property would be inequitable here as Plaintiffs have failed to prove any of their other claims in the complaint. Plaintiffs have also defaulted on the loan and have not alleged they have tendered or are willing to tender the amount owed on the debt.

In the sixth and final cause of action, Plaintiffs seek to have the note and deed of trust rescinded and made void based on Plaintiffs' unilateral mistake regarding their understanding of the agreements. (Compl. (#1-2) at 11-15). Plaintiffs argue that the loan agreements should be rescinded because Plaintiffs incorrectly believed they were "entering the same legal path trod in previous decades by their parents' generation when they purchased their family homes years ago" and were unaware that the note would be securitized or that they would be dealing with a loan servicer. (*Id.* at 11-12). "[A] unilateral mistake can be the basis for a rescission if 'the other party had reason to know of the mistake or his fault caused the mistake.' " *Oh v. Wilson*, 910 P.2d 276, 278 (Nev. 1996) (quoting *Home Savers v. United Sec., Co.*, 741 P.2d 1355, 1356-57 (Nev. 1987)). Yet Plaintiffs have not plausibly alleged that SunTrust was aware of Plaintiffs' mistaken belief or was the cause of it. SunTrust is not a party to the loan agreements nor was it involved in the loan negotiations, and therefore it had no reason to know what Plaintiffs allegedly believed regarding the loan and did not have an opportunity to cause the mistaken belief. Furthermore, the deed of trust explicitly states that the note and deed of trust may be sold in whole or in part and that the sale may result in a loan servicer being assigned to collect the payments due. (Deed of Trust (#6-1) at 12). For these reasons, Plaintiffs have failed to state a claim under their sixth cause of action.

For the reasons stated above, the Court grants SunTrust's motion to dismiss (#5) without leave to amend.

**III.     Cooper Castle's Motion to Dismiss (#12)**

Defendant Cooper Castle filed a motion to dismiss pursuant to Fed. R. Civ. P. 4(m) and 12(b)(6) on August 20, 2012. (Mot. to Dismiss (#12) at 1). Cooper Castle argues that Plaintiffs failed to effectuate service within 120 days after filing their complaint and that Plaintiffs cannot show good cause for their failure. (*Id.* at 3).

8

Plaintiffs' opposition to the motion to dismiss was due on September 6, 2012. (*See* Docket Sheet (#12)). On September 11, 2012, Plaintiffs had neither filed an extension nor a response to the motion to dismiss. (*See generally* Docket Sheet). On September 11, 2012, Cooper Castle filed a reply and notice of non-opposition asking this Court to construe Plaintiffs' failure to respond as consent to the motion to dismiss. (Reply to Mot. to Dismiss (#15) at 1, 3).

Later that same day, Plaintiffs filed a two-page "opposition" which incoherently argued that "[t]he issue of Cooper-Castle's 'position' as a named Defendant [was] the very basis of Plaintiffs' Motion to Remand, which has been fully briefed." (*Id.* at 2).

The Court grants Cooper Castle's motion to dismiss the complaint in its entirety pursuant to Plaintiffs' failure to file a timely and coherent response. *See* Nev. Loc. R. 7-2(d) (stating that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

Alternatively, the Court also grants Cooper Castle's motion to dismiss in its entirety pursuant to Fed. R. Civ. P. 4(m). Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The courts determine "good cause" on a case by case basis and, at a minimum, good cause means excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (defining "good cause" under Fed. R. Civ. P. 4(m)). To establish good cause, a plaintiff must show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

In this case, Plaintiffs filed their complaint on February 16, 2012. (*See* Compl. (#1-2) at 2). Plaintiffs served Cooper Castle on July 3, 2012. (Wade Aff. (#12-1) at 2). Plaintiffs' service deadline was on June 16, 2012. As such, Plaintiffs failed to serve Cooper Castle within 120 days after filing their complaint. Because Plaintiffs failed to respond at all to Cooper

9

Castle's defective service argument, the Court finds that no good cause has been shown and dismisses the complaint against Cooper Castle without prejudice. Accordingly, the Court grants Cooper Castle's motion to dismiss (#12) the complaint in its entirety.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand (#5) is DENIED.

IT IS FURTHER ORDERED that SunTrust's Motion to Dismiss (#6) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that Cooper Castle's Motion to Dismiss (#12) is GRANTED in its entirety without prejudice.

IT IS FURTHER ORDERED that SunTrust's request to expunge lis pendens is GRANTED.

DATED: This 19th day of December, 2012.

_____
United States District Judge